NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000023
20-APR-2017
08:40 AM

NO. CAAP-17-0000023

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

PUNA PONO ALLIANCE, a Hawaii non-profit association;
JON OLSON and HILLARY E. WILT,
Plaintiffs/Counterclaim-Defendants/ Appellants,
v.
PUNA GEOTHERMAL VENTURE, a Hawaii general partnership,
Defendant/Counterclaim-Plaintiff/Appellee,
and
COUNTY OF HAWAII; STATE OF HAWAIʻI,
DEPARTMENT OF LAND AND NATURAL RESOURCES,
Defendants-Appellees
and
JOHN DOES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 15-1-0034)

ORDER
DENYING JANUARY 23, 2017 MOTION REGARDING JURISDICTION,
DISMISSING APPELLATE COURT CASE NUMBER
CAAP-17-0000023 FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING AS MOOT ALL PENDING MOTIONS
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Plaintiffs/Counterclaim-Defendants/
Appellants Puna Pono Alliance, Jon Olson and Hillary E. Wilt's
(the Appellants) January 23, 2017 motion regarding jurisdiction,
asking this court to address appellate jurisdiction and to
determine we have jurisdiction, (2) Defendant-Appellee County of

Hawaii's January 26, 2017 memorandum in opposition to the Appellants' January 23, 2017 motion, (3) Defendant-Appellee State of Hawai'i Department of Land and Natural Resources' January 26, 2017 memorandum in opposition to the Appellants' January 23, 2017 motion, (4) Defendant/Counterclaim-Plaintiff/Appellee Puna Geothermal Venture's (Puna Geothermal Venture) January 30, 2017 memorandum in opposition to the Appellants' January 23, 2017 motion, (5) the Appellants' authorized February 10, 2017 reply memorandum in support of their January 23, 2017 motion, and (6) the record, it appears that we lack appellate jurisdiction over the Appellants' appeal from the Honorable Greg K. Nakamura's November 17, 2016 judgment, because the circuit court entered a December 19, 2016 post-judgment order that expressly vacated the November 17, 2016 judgment pursuant to Rule 59 of the Hawai'i Rules of Civil Procedure (HRCP) before the Appellants filed their January 17, 2017 notice of appeal.

Under Hawaii Revised Statutes (HRS) § 641-1(a) (2016), an "appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i has explained that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of

> finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis).

The November 17, 2016 judgment resolved all claims against all parties, and, thus, the November 17, 2016 judgment initially qualified as an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins. However, Puna Geothermal Venture timely filed its November 28, 2016 post-judgment HRCP Rule 59 motion for reconsideration within ten[1] days after entry of the November 17, 2016 judgment, as HRCP Rule 59 required for such a motion. On December 19, 2016, the circuit court entered a post-judgment order that adjudicated Puna Geothermal Venture's November 28, 2016 post-judgment HRCP Rule 59 motion for reconsideration by expressly directing that "the Judgment of Dismissal filed on November 17, 2016 be VACATED." Thus, by the time the Appellants filed their January 17, 2017 notice of appeal in appellate court case number CAAP-17-0000023, the November 17, 2016 judgment had already been vacated and was not longer in effect.

On March 20, 2017, the circuit court clerk filed the record on appeal for appellate court case number CAAP-17-0000023, which does not contain an appealable final judgment. Absent an appealable final judgment, we lack appellate jurisdiction over appellate court case number CAAP-17-0000023, and the Appellants' appeal is premature.

---

[1] The tenth calendar day after November 17, 2016, was Sunday, November 27, 2016, and, thus, Rule 6(a) of the Hawai'i Rules of Civil Procedure (HRCP) automatically extended the ten-day deadline under HRCP Rule 59 until Monday, November 28, 2016.

Therefore, IT IS HEREBY ORDERED AND DECREED that with respect to the Appellants' January 23, 2017 motion regarding jurisdiction, we hold that appellate court case number CAAP-17-0000023 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED AND DECREED that all pending motions in appellate court case number CAAP-17-0000023 are dismissed as moot.

DATED: Honolulu, Hawai'i, April 20, 2017.

Presiding Judge

Associate Judge

Associate Judge